IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JESSE LANE DABBS     )
            )
   v.        )   NO. 3:07-0048
            )
RICKY J. BELL, WARDEN   )


TO:  Honorable Robert L. Echols, District Judge


## R E P O R T   A N D   R E C O M M E N D A T I O N

By order entered March 13, 2007 (Docket Entry No. 11), the Court referred the instant Petition for a Writ of Habeas Corpus filed under 28 U.S.C. § 2254 to the Magistrate Judge for further proceedings under Rule 8(b) of the Rules Governing Section 2254 Cases, 28 U.S.C. § 636(b)(1)(B), and Rule 7 of the Local Rules for Magistrate Judge Proceedings.

Presently pending before the Court is Respondent's Motion to Dismiss (Docket Entry No. 10), to which Petitioner has filed a response in opposition (Docket Entry No. 17).  For the reasons set out below, the Court recommends that the motion to dismiss be granted and this petition be dismissed.


## I. PETITION

Petitioner is currently an inmate of the Tennessee Department of Correction ("TDOC"), where he is serving an effective sentence of 87 years imprisonment after entering best interest guilty pleas on June 6, 1991, before the Criminal Court of Davidson County, Tennessee.  Petitioner pled guilty to five counts of aggravated rape and one count of attempted kidnapping for attacks on four different women.

Petitioner filed his petition for relief under 28 U.S.C. § 2254 on January 11, 2007. He raises six grounds for relief in his petition:

1) he was illegally sentenced under state law and in violation of Due Process when consecutive sentences were imposed;

2) he was illegally sentenced under state law and in violation of Due Process when improper factors were used to enhance his sentence;

3) his Sixth Amendment right to the effective assistance of counsel was violated by errors committed by his trial counsel regarding the decision to enter into a guilty plea and during sentencing;

4) his Sixth Amendment right to the effective assistance of counsel was violated by errors committed by his appellate counsel during his direct appeal;

5) his Sixth Amendment right to the effective assistance of counsel was violated by his trial and appellate counsel because they failed to raise a challenge based on bias against him on the part of the sentencing judge; and

6) his Sixth Amendment right to the effective assistance of counsel was violated because his trial counsel had a conflict of interest which prevented him from properly advising Petitioner.

See Docket Entry No. 1 and Docket Entry No. 2 at 7-8.


## II. PETITIONER'S STATE COURT PROCEEDINGS

Shortly after his sentencing, Petitioner filed a petition to file a delayed appeal which was denied. He then filed a petition for post-conviction relief in the state court in June 1992, asserting that his guilty pleas were involuntary and that his counsel was ineffective for failing to seek a direct appeal of his sentence. Pursuant to an agreement with the State, Petitioner was permitted to take a delayed appeal from his sentence. His appeal was denied and his sentence affirmed by the Tennessee Court of Criminal Appeals on September 15, 1994. State v. Dabbs, 1994 WL 504413 (Tenn. Crim. App. 1994). See Attachments to Docket Entry No. 10. Petitioner's request for permission to appeal to the Tennessee Supreme Court was denied on January 30, 1995. See Attachments to Docket Entry No. 12.

On April 2, 1997, Petitioner filed a pro se petition for a writ of habeas corpus in the state court. This petition was denied on November 6, 1997. Petitioner's appeal of this decision was

denied by the Tennessee Court of Criminal Appeals on August 16, 1999. <u>Jesse L. Dabbs v. State</u>, 1999 WL 615157 (Tenn. Crim. App. 1999). <u>See</u> Attachments to Docket Entry No. 10. It does not appear that Petitioner sought permission to appeal this decision to the Tennessee Supreme Court.

Approximately eight years later, Petitioner filed a petition for post-conviction relief in the Davidson County Criminal Court on May 25, 2005, asserting that he received ineffective assistance of counsel and that his guilty plea was invalid. The state court dismissed the petition as untimely under the applicable statute of limitations. Upon appeal, the Tennessee Court of Criminal Appeals affirmed the dismissal in an opinion entered on June 9, 2006. <u>Jesse Lane Dabbs v. State</u>, 2006 WL 1626574 (Tenn. Crim. App. 2006). <u>See</u> Attachments to Docket Entry No. 10. Petitioner's application for permission to appeal was denied by the Tennessee Supreme Court on November 6, 2006. <u>Id</u>.

At essentially the same time as he filed the petition for post-conviction relief in May 2005, Petitioner filed a second petition for a writ of habeas corpus in the state court challenging the correctness of his sentence. This petition was dismissed, and Petitioner's appeal was denied by the Tennessee Court of Criminal Appeals on February 1, 2007. <u>Jesse Lane Dabbs v. Jack Morgan</u>, 2007 WL 283139 (Tenn. Crim. App. 2007). <u>See</u> Attachments to Docket Entry No. 10. It does not appear that Petitioner sought permission to appeal this decision to the Tennessee Supreme Court.

### III. MOTION TO DISMISS

In lieu of an answer, Respondent filed the pending motion to dismiss. Respondent argues that the petition is untimely and is barred by the one year statute of limitations set out at 28 U.S.C. § 2244(d)(1). Alternatively, Respondent asserts that all of Petitioner's claims have been procedurally defaulted because they were not properly exhausted in the state courts prior to being brought in the instant petition and no further state remedies are available to Petitioner. <u>See</u> Docket Entry No. 10.

Case 3:07-cv-00048   Document 18   Filed 12/21/07   Page 3 of 9 PageID #: 383

# IV. LEGAL CONCLUSIONS

A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), established a one year limitations period during which a state prisoner can bring a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1) provides that the one year limitations period begins to run from the latest of the following events:

> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

For prisoners whose convictions became final prior to the effective date of the AEDPA on April 24, 1996, and who cannot show a triggering date under subsections B, C, or D, a one year grace period from the effective date of the AEDPA exists within which they are permitted to file a habeas petition. See Griffin v. Rogers, 399 F.3d 626, 631-32 (6th Cir. 2005); Cook v. Stegall, 295 F.3d 517, 519 (6th Cir. 2002).

In the instant action, Respondent contends that Petitioner's conviction became final on May 1, 1995, when his direct appeal was concluded and the time for him to seek certiorari review in the United States Supreme Court expired. Because this occurred prior to the enactment of the AEDPA, Respondent asserts that Petitioner had one year after April 24, 1996, within which to file the instant habeas corpus petition.

The Court agrees with Respondent's position that the statute of limitations began to run on April 24, 1996. Petitioner does not argue that subsection B, C, or D of Section 2244(d)(1) applies to his case, nor does the Court find any evidence supporting a later triggering date for the statute of

4

limitations under these subsections. Although Petitioner asserts that "state action frustrated" his efforts to pursue his claims in the state courts, see Petitioner's Reply (Docket Entry No. 17) at 2-3, this assertion is a rebuttal to Respondent's argument that his claims have not been exhausted and not to the argument that the instant petition is untimely. Plaintiff fails to show the existence of an "impediment . . . created by State action" which prevented him from filing his habeas corpus petition as is required for a triggering date under subsection B.

The Court also does not find persuasive Petitioner's argument that his conviction was not final because the state court that reviewed his initial post-conviction relief petition in 1992, did not resolve all of the claims he raised in that petition. See Petitioner's Reply at 3. The outcome of Petitioner's post-conviction relief petition was that he was permitted to file a delayed direct appeal. The delayed direct appeal was concluded on January 30, 1995, when Petitioner's sentence was affirmed. Whether or not the state courts resolved all issues raised by Petitioner has no bearing on the issue of when Petitioner's convictions became final for the purposes of the statute of limitations under Section 2244(d)(1). None of the cases cited by Petitioner in his Response in Opposition, see Docket Entry No. 17 at 3, support his argument.

B. Statutory Tolling

The one year statute of limitations ran until April 2, 1997, when it was tolled upon Petitioner's filing of a petition for writ of habeas corpus in the state court. Section 2244(d)(2) of the AEDPA provides that:

> the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claims is pending shall not be counted toward any period of limitations under this subsection.

Tolling under this provision continued until the state habeas action was no longer pending.

The Tennessee Court of Criminal Appeals affirmed the denial of the state habeas petition on August 16, 1999. Under Rule 11 of the Tennessee Rules of Appellate Procedure, Petitioner had sixty (60) days within which to seek permission to appeal this decision to the Tennessee Supreme

Case 3:07-cv-00048   Document 18   Filed 12/21/07   Page 5 of 9 PageID #: 385

Court. However, he did not seek such permission, and the period of statutory tolling under Section 2244(d)(2) ended when this sixty (60) day time period ended.

However, tolling under Section 2244(d)(2) merely stops the statute of limitations from running while the state collateral remedy is pending and does not restart the statute of limitations anew. See Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003). Accordingly, when statutory tolling under Section 2244(d)(2) ended, Petitioner had twenty-three (23) days left within which to file his petition for federal habeas corpus relief. This time period clearly ended prior to the filing of the instant petition on January 11, 2007.[1]

C. Equitable Tolling Based On Claim of Actual Innocence

Petitioner contends that his untimely petition should be reviewed by the Court because he is actually innocent of the sentence which was imposed upon him. See Petitioner's Response at 3 and Petitioner's Memorandum in Support of his Petition (Docket Entry No. 2) at 9.

Actual innocence can be raised by a petitioner as a means of negating a procedural bar to consideration of the merits of habeas corpus claims. Schlup v. Delo, 513 U.S. 298, 326-27, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). The actual innocence doctrine applies in "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). The exception for actual innocence applies to petitions which would otherwise be barred from review because they were not timely filed. Souter v. Jones, 395 F.3d 577, 602 (6th Cir. 2005).

To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup, 513 U.S. at 327. For an actual innocence exception to be credible, a habeas petitioner is required to support

_____

[1] Petitioner pursued additional state remedies in May 2005, which were not resolved until February 2007. However, these actions did not toll the statute of limitations under Section 2244(d)(2) because the statute of limitations had already expired at the time he initiated the actions in state court. See Vroman, 346 F.3d at 602.

6

his allegations of constitutional error "with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Schlup, 513 U.S. at 324; Souter, 395 F.3d at 590. Further, actual innocence means factual innocence, not mere legal insufficiency. See Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); Souter, 395 F.3d at 590.

It is significant to note that Petitioner specifically avoids claiming that he is actually innocent of the underlying crimes of aggravated rape or attempted kidnapping to which he pled guilty. See Docket Entry No. 2 at 8. Instead, he contends that he is "actually innocent" of the sentence which he received. Id.

In Sawyer v. Whitley, 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992), the United States Supreme Court extended the actual innocence exception to claims of capital sentencing error. Acknowledging that the concept of actual innocence did not translate neatly into the capital sentencing context, the Supreme Court limited the exception to cases in which the applicant could show "by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty under the applicable state law." Id. at 336.

However, whether or not the actual innocence exception should apply to claims of sentencing error in non-capital cases is an unresolved question. The courts of appeals have split on the question. Compare Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 170-73 (2nd Cir. 2000) (permitting actual innocence claim to excuse defaulted claims based on sentencing error); United States v. Maybeck, 23 F.3d 888, 892-94 (4th Cir. 1994) (applying the actual innocence analysis to factual elements of a career offender determination); Jones v. State of Arkansas, 929 F.2d 375, 381 (8th Cir. 1991) (applying actual innocence exception to habitual offender sentencing); Mills v. Jordan, 979 F.2d 1273, 1278-79 (7th Cir. 1992) (applying actual innocence to the elements of a habitual offender sentencing procedure), with Cristin v. Brennan, 281 F.3d 404, 421-22 (3rd Cir. 2002) (questioning extension of actual innocence exception to non-capital

sentencing without deciding the issue); Embrey v. Hershberger, 131 F.3d 739, 740-41 (8th Cir. 1999) (limiting the "actual innocence of the sentence" rationale to capital cases); Reid v. State of Oklahoma, 101 F.3d 628, 630 (10th Cir. 1996) (same); United States v. Richards, 5 F.3d 1369, 1371 (10th Cir. 1993) (same).

Although the Sixth Circuit Court of Appeals has not decided the issue, it did suggest in Ross v. Berghuis, 417 F.3d 552, 555-57 (6th Cir. 2005), that assertions of actual innocence must be linked to assertions that a petitioner did not commit the underlying crime at issue and that claims of actual innocence in sentencing should be limited to capital cases in line with the decision in Sawyer.

In light of Ross, the Court does not find that Petitioner's claim of actual innocence of his sentence provides a basis for excusing his untimely petition. First, the decision in Ross suggests that the actual innocence exception does not apply to the instant case because Petitioner was not given a capital punishment. Second, the actual innocence exception is concerned with factual innocence and not legal innocence. Bousley, 523 U.S. at 623. The arguments made by Petitioner concerning his sentence are that his sentence is legally insufficient under Tennessee law. In contrast to the decisions which extended the actual innocence in sentencing exception to non-capital cases, Petitioner's arguments fail to show any factual basis for concluding that he is factually innocent of the sentence he received. Third, even if the actual innocence exception does apply, it is nonetheless clear that Souter requires Petitioner to set forth new, reliable evidence of his actual innocence which was not presented at trial. See Ross, 417 F.3d at 555-56. Petitioner has not set forth any such evidence in support of his claim of actual innocence.[2]

---

[2] Because the Court finds the petition to be untimely and that review of the untimely petition is not otherwise justified, the Court does not address the issue of exhaustion and procedural default.

Case 3:07-cv-00048   Document 18   Filed 12/21/07   Page 8 of 9 PageID #: 388

# R E C O M M E N D A T I O N

Based on the foregoing reasons, the Court respectfully RECOMMENDS that Respondent's motion to dismiss (Docket Entry No. 10) be GRANTED and this petition be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this Report, or the proposed findings or recommendation to which objection is made. Failure to file objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge

9