```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF TENNESSEE
                  NASHVILLE DIVISION
```

JESSE LANE DABBS          )
                          )
    v.                    )         No. 3:07-0048
v.                        )         Judge Echols
                          )
RICKY J. BELL, WARDEN     )

## MEMORANDUM

Pending before the Court is a Report and Recommendation ("R&R") (Docket Entry No. 18) which recommends granting Respondent's Motion to Dismiss (Docket Entry No. 10) and dismissing Petitioner's Petition for Writ of Habeas Corpus ("Petition") brought under 28 U.S.C. § 2254. Petitioner has filed an "Objection to the Magistrate's Report and Recommendation" (Docket Entry No. 22).

## DISCUSSION

When a party makes timely objections to an R&R, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.P. 9(b)(3). This Court's *de novo* review of the record leads it to conclude that the Magistrate Judge was correct in recommending dismissal of the action because the Petition was untimely filed.

At pages 2-3 of the R&R, the Magistrate Judge accuratelyسets forth the procedural history of this case which Petitioner does not dispute. The Magistrate Judge concluded that because Petitioner's convictions for five counts of aggravated rape and one count of attempted kidnaping became final before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner had (excluding any tolling periods) one year from the effective date of AEDPA to file his Petition, that is until April 24, 1997. See, Griffin v. Rogers, 399 F.3d 626, 632 (6th Cir. 2005). Petitioner did not file the instant Petition until January 11, 2007.

Petitioner agrees the Magistrate Judge identified the proper limitation to be applied, but asserts that he is entitled to tolling of the limitations period because he filed an initial petition for post-conviction relief which was denied in 1992. That denial, Petitioner claims, did not resolve any constitutional claims, but merely granted a delayed appeal of his sentence. Petitioner argues that, under Tennessee law, "if only a delayed appeal is granted, and the other claims are not dismissed or disposed of, such state court post-conviction is still pending." (Docket Entry No. 22 at 2).

Unfortunately for Petitioner, his understanding of Tennessee law is refuted by his own appeal of the denial of his second state-court petition for post-conviction relief. In Dabbs v. State, 2006

2

WL 1626574 (Tenn. Ct. App. 2006), the Tennessee Court of Criminal Appeals noted that at the time of Petitioner's first petition for post-conviction relief, the 1995 Post-Conviction Procedure Act had not been enacted and that under governing law his agreement to forego constitutional challenges in favor of a belated direct appeal constituted a waiver of the challenges. Regardless, Petitioner's subsequent petition for post-conviction relief was filed some ten years after his sentence became final, and long after the one year statute of limitations found in T.C.A. § 40-20-102(a).

Further, Petitioner does not suggest in his Objection that he did not voluntarily waive constitutional challenges in 1992 so that he could take a direct appeal. Quite the contrary, the state court record reveals Petitioner knowingly and voluntarily forwent constitutional challenges at the time in order to pursue an untimely direct appeal. In Dabbs, the Tennessee Court of Criminal Appeals recounted the following from the state court record:

> In June of 1992, the Petitioner filed his first petition for post-conviction relief, asserting that his pleas were involuntary and that counsel was ineffective for failing to seek a direct appeal of his sentence and requesting a delayed sentencing appeal to this Court. By agreed order dated January 21, 1993, the parties agreed that the petition "[was] well taken as to the extent of allowing the Petitioner an opportunity to be provided a delayed appeal from the sentence imposed in this matter." The order further stated:
>> The parties further agree that the Petitioner has been afforded an opportunity to raise any other issues cognizable by means of a Petition for Post Conviction Relief. The

3

> Trial Court has specifically advised the Petitioner that by not raising any other issues that he specifically waives any further and future presentation of these issues by means of a Petition for Post Conviction Relief.

<u>Id</u>. at 2.

In his Objection, Petitioner does not suggest that he was duped or misled into proceeding with his belated direct appeal.[1] Nonetheless, and inexplicably, after his sentence was affirmed on September 15, 1994, and permission to appeal was denied on January 30, 1995, Petitioner waited until May 25, 2005 to file his state court post-conviction petition alleging that his plea was involuntary and he had been denied the effective assistance of counsel. Petitioner's objection to the Magistrate Judge's conclusion that his Petition for Habeas Corpus is barred by the limitations period in AEDPA is overruled.

The Magistrate Judge also addressed the possibility of equitable tolling based on the actual innocence doctrine. The claim of actual innocence in this case is not actual innocence of the crimes that were committed, but actual innocence of the sentence Petitioner received.

---

[1] In his Petition, Petitioner makes a vague assertion that he was "misled" by his attorney, the prosecutor, and the trial judge. However, his colloquy with the trial court as set forth above, belies that assertion. <u>See</u>, 28 U.S.C. § 2254(d)(state court records and findings in habeas proceedings generally presumed to be correct).

4

The Magistrate Judge recognized, and Petitioner acknowledges, a split in appellate authority as to whether the actual innocence exception applies to claims of sentencing error in non-capital cases. The Sixth Circuit has not definitively ruled on the issue, but the Magistrate Judge concluded a claim of innocence relating to a non-capital sentence does not provide a basis for excusing an untimely petition. Not surprisingly, Petitioner objects to this conclusion and argues that the Court should accept the line of cases which indicate that the actual innocence exception applies to non-capital sentences.

In <u>Sawyer v. Whitley</u>, 505 U.S. 333 (1992), the Supreme Court extended the actual innocence exception to capital sentencing and thus a petitioner who has committed the crime may, nevertheless, assert actual innocence to the death penalty. While the case may be analyzed differently, some language in <u>Sawyer</u> has been read to suggest that the same may not be said about non-capital sentences. <u>See</u>, <u>Embrey v. Hershberger</u>, 131 F.3d 739, 740-41 (8th Cir. 1997); <u>United States v. Richards</u>, 5 F.3d 1369, 1373 (10th Cir. 1993). As explained in dissent to denial of a rehearing *en banc* in <u>Haley v. Cockrell</u>, 325 F.3d 569 (5th Cir. 2003):

> The [Supreme] Court "acknowledged that actual innocence 'does not translate easily into the context of an alleged error at the sentencing phase of a trial on a capital offense.'" <u>Sawyer</u>, 505 U.S. at 340 (quoting <u>Smith v. Murray</u>, 477 U.S. 527, 537, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986)). The Court then observed that "[a] prototypical example of 'actual innocence' in a colloquial sense is the case where the State has

5

convicted the wrong person of the crime." Id. This
example indicates why, "[i]n the context of a *noncapital*
case, the concept of 'actual innocence' *is easy to
grasp*." Id. at 341, 112 S.Ct. 2514 (emphases added).
Finally, the Court described its task in Sawyer as
"striv[ing] to construct an analog to the *simpler
situation* represented by the case of a noncapital
defendant." Id. (emphasis added).

     The Tenth and Eighth Circuits inferred from this
reasoning that the Supreme Court never intended the lower
courts to extend the actual innocence exception to non-
capital sentencing cases. Otherwise, why is the concept
of actual innocence so "easy to grasp" in the non-capital
context? And why is a non-capital case a "simpler
situation"? In the Tenth Circuit's view, it is "because
it simply means the person didn't commit the crime."
Richards, 5 F.3d at 1371. The Eighth Circuit concluded
that "the most natural inference to draw from these
observations on the Court's part is that" the actual
innocence exception should not extend to non-capital
sentencing. Embrey, 131 F.3d at 741.

Id. at 571-72.

As already noted, the Sixth Circuit has not directly addressed the issue. In a parenthetical in Ross v. Berhuis, 471 F.3d 552, 557 (6th Cir. 2005), the Sixth Circuit noted that whether to extend the actual innocence exception to non-capital sentencing error "is a difficult unanswered question."

Having studied the competing authority, the Court concludes that the actual innocence exception should not apply to non-capital sentences. See, Haley at 570-72(surveying various circuit court decisions regarding the applicability of the actual innocence exception to non-capital sentences). Therefore, the Court finds that Petitioner's claim that he is "actually innocent" of the sentence he received does not excuse his untimely petition. Yet,

6

even if the actual innocence exception applies to non-capital sentencing, Petitioner has not shown himself entitled to relief.

A petitioner may obtain federal review of an untimely claim based on actual innocence, but entrance into the "gateway" is "demanding" and will be met only in "the extraordinary case." House v. Bell, 126 S.Ct. 2064, 2077 (2006). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt,'" id. at 2076-77 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)), or at least that there is new reliable evidence of innocence. Souter v. Jones, 395 F.3d 577, 602 (6th Cir. 2005). Further, the actual innocence exception is concerned with factual innocence and not legal innocence. Bousley v. United States, 523 U.S. 614, 623 (1998).

Here, Petitioner asserts no new evidence to show he was factually innocent of the crimes which calls into doubt the validity of his 87-year sentence. While Petitioner does challenge the consecutive terms and the overall length of his sentence, he offers nothing to support his assertions which were not available at the time of sentencing. Quite the contrary, he repeatedly references victim's statements, the findings of the trial judge at the time of sentencing, the supposed bias or personal prejudice of the trial judge, and the judge's purported failure to properly

7

apply mitigating factors when imposing sentence. The supposed facts underlying these claims were available at sentencing in 1991. For these reasons, Petitioner's objection to the Magistrate Judge's conclusion that Petitioner is not entitled to equitable tolling is overruled.

## CONCLUSION

Based on the foregoing, the R&R (Docket Entry No. 18) will be accepted and Petitioner's Objection (Docket Entry No. 22) will be overruled. Respondent's Motion to Dismiss (Docket Entry No. 10) will be granted and this case will be dismissed. A Certificate of Appealability will not issue.

It is so ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

8